IN THE SUPREME COURT OF THE STATE OF MONTANA

No. AF 07-0016

_____

|                                                  |     |            |
| ------------------------------------------------ | --- | ---------- |
| IN RE ADDING TO THE MONTANA RULES OF             | )   |            |
| APPELLATE PROCEDURE A RULE ON JUDICIAL           | )   | O R D E R  |
| WAIVER APPEALS                                   | )   |            |

_____

Chapter 307, 2013 Laws of Montana, generally requires parental consent prior to an abortion for a minor, and provides for an expedited confidential appeal to this Court by a petitioner if a youth court denies a petition for waiver of the parental consent requirement. Chapter 307, which has an effective date of July 1, 2013, includes a provision allowing this Court to adopt rules providing for such expedited confidential appeals.

Based in part on a proposed rule submitted to the Court by the Office of Appellate Defender (OAD), the Court has crafted the attached rule regarding those expedited confidential appeals. On May 8, 2013, we published the rule as a proposed rule and allowed 30 days for public comment. No comments were filed with the Clerk of this Court within the time allowed.

Therefore,

IT IS ORDERED that the attached rule is adopted. It shall be added to the Montana Rules of Appellate Procedure as Rule 30.

This Order and the attached Rule 30 of the Montana Rules of Appellate Procedure shall be published on this Court's website. The Clerk is directed to provide copies of this order and the attached Rule to OAD; to Kevin Hayes and Todd Everts at Montana Legislative Services Division; to Helene Haapala and Louise Ricci at Thomson Reuters; to Robert Roy at Lexis; and to the State Bar of Montana, with the request that the State Bar provide notice of the new rule on its website and in the *Montana Lawyer*.

DATED this 27th day of June, 2013.

                                        /S/ MIKE McGRATH
                                        /S/ BETH BAKER
                                        /S/ LAURIE McKINNON
                                        /S/ PATRICIA COTTER
                                        /S/ JIM RICE
                                        /S/ BRIAN MORRIS

**Rule 30.  Judicial waiver appeals.**

**(1) Scope**.  This rule applies to an appeal from an order denying or dismissing a petition filed by a minor under age 16 to waive parental consent to an abortion, pursuant to Title 50, Chapter 20.  In such appeals, this rule supersedes the other appellate rules to the extent they may be inconsistent with this rule.

**(2) Notice of appeal.**

**(a)** A minor may appeal an order denying or dismissing a petition to waive parental consent by filing a notice of appeal with the clerk of the supreme court.  The notice of appeal may be filed in person, by mail, or by fax.  If a transcript or written order is available, it should be attached to the notice of appeal, but such notice shall not be defective if it does not include such transcript or order.

**(b)** If a notice of appeal is incorrectly filed in a youth or district court, the clerk thereof shall immediately notify the clerk of the supreme court of such filing, and shall transmit a copy of the notice of appeal by fax or e-mail for filing with the supreme court.

**(c)** The notice of appeal must indicate that the appeal is being filed pursuant to this rule, but the court will apply this rule to cases within its scope whether they are so identified or not.

**(d)** Blank notice of appeal forms and copies of these rules will be available at all court locations and will be mailed, emailed, or faxed to a minor upon request.

**(e)**  No filing fees or fee for any service may be required of a minor who files an appeal under this provision.

**(3) Record on appeal; standard of review.**  A youth court that conducts proceedings for judicial waiver of consent shall issue written and specific findings of fact and conclusions of law supporting its decision and shall order that a confidential record of the evidence, findings, and conclusions be maintained.  The record on appeal consists of the confidential record of the youth court, including all papers and exhibits filed in the youth court, the written findings and conclusions of the youth court, and, if available, a recording or transcript of the proceedings before the youth court.  If the appellant has counsel, counsel shall serve the clerk of the youth court with a copy of the notice of appeal, request the record from the clerk of the youth court, and arrange for expedited preparation of the transcript immediately upon filing the notice of appeal.  If the appellant does not have counsel, the clerk of the supreme court shall request the record immediately upon receiving notice that a self-represented minor has filed a notice of appeal, and the clerk of the youth court shall arrange for expedited preparation of any transcript directly with the court reporter.  Upon receiving a request for the record from counsel for the appellant or from the clerk of the supreme court, the clerk of the youth court shall forthwith transmit the record to the supreme court by fax, e-mail, overnight mail or in another manner that will cause it to arrive within 48 hours, including weekends and holidays, after the youth court's

receipt of the request for the record.

**(4) Brief.** A brief is not required. However, the minor may file a memorandum in support of the appeal within 48 hours, including weekends and holidays, after filing the notice of appeal.

**(5) Disposition.** The supreme court may designate a panel of five or more of its members to consider the appeal. The supreme court shall review the decision of the youth court de novo. The supreme court shall enter an order stating its decision within 72 hours, not including weekends and holidays, after the record referred to in (3) is filed. The supreme court shall issue an opinion explaining the decision as soon as practicable following entry of the order.

**(6) Confidentiality.**

**(a)** Documents, proceedings, and audio or video recordings in an appeal under this rule are sealed. All persons are strictly prohibited from notifying the minor's parents, guardian, or custodian that the minor is pregnant or wants to have an abortion, and from disclosing this information to any person. The court shall not release the name of, or any other identifying information concerning, a minor who files a judicial waiver appeal.

**(b)** All statistical and general information that the court system may have concerning judicial waiver appeals is confidential, except the number of appeals filed, granted, and denied statewide each year is public information.

**(7) Attorney.** If the minor is not represented by an attorney, the clerk of the supreme court shall appoint the office of the state public defender to represent the minor in the appeal. If counsel was assigned to represent the minor in the youth court, the appointment continues through the appeal. All counsel shall immediately be served with copies of the Court's order by fax or e-mail. In the event a minor waives the right to have counsel appointed on appeal, then notice of the court's order will be served upon her at the address or location she has provided to the clerk of the supreme court . The minor or her counsel shall be provided a certified copy of the order upon request.

**(8) Filing defined.** For purposes of this rule only, an appeal is deemed filed at the time and on the date it is received by the clerk of the supreme court.

**(9) Special rule for interpreting time requirements.** If the end of a time limit set out in this rule falls upon a weekend or holiday, then the time limit is extended to noon on the next business day.